

**ORDERED in the Southern District of Florida on October 06, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov**

In re:

**DECORATOR INDUSTRIES, INC.,**             Case No. 11-37641-BKC-JKO
                                             Chapter 11
         Debtor.
_____/

**INTERIM ORDER PURSUANT TO 11 U.S.C. § 327(a) AUTHORIZING THE
EMPLOYMENT AND RETENTION *NUNC PRO TUNC* OF PAUL J. BATTISTA AND
THE LAW FIRM OF GENOVESE JOBLOVE & BATTISTA, P.A. AS GENERAL
BANKRUPTCY COUNSEL FOR DEBTOR-IN POSSESSION [D.E. #15]**

**THIS MATTER** was heard before this Court on **October 5, 2011 at 1:30 p.m.** upon the application (the "Application") of Decorator Industries, Inc., as debtor and debtor-in-possession in the above-captioned case (collectively, the "Debtor" or the "Company"), for entry of an interim order, pursuant to 11 U.S.C. §§ 327(a) and 330 and Bankruptcy Rules 2014(a), 2016 and 6003, authorizing the Debtor to employ and retain Paul J. Battista, Esq. and the law firm of Genovese Joblove & Battista ("GJB") under a general retainer as its restructuring and general bankruptcy attorneys in its Chapter 11 case; and it appearing that the relief requested by the Application is

necessary to avoid immediate and irreparable harm to the Debtor's bankruptcy estate; and good, adequate and sufficient cause has been shown to justify the immediate entry of this interim order; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the Affidavit of Paul J. Battista, a shareholder of GJB, attached to the Application (the "Battista Affidavit"); and the Court being satisfied based on the representations made in the Application and the Battista Affidavit that (a) Battista and GJB do not hold or represent an interest adverse to the Debtor's estate, and (b) GJB is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and Local Rule 2014-1; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

1. The Application is GRANTED, on an interim basis, *nunc pro tunc* to the Petition Date;

2. None of the disclosures or representations set out in the Battista Affidavit constitutes a conflict of interest or impairs the disinterestedness of GJB or otherwise precludes the Debtor's retention of Battista and GJB in this Chapter 11 case.

3. The Debtor is authorized to employ and retain Battista and GJB as its general bankruptcy counsel in accordance with the terms and conditions set forth in this Application.

4. GJB is authorized to render professional services to the Debtor as described in the

Application.

5.  GJB shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

6.  A final hearing on the Application is scheduled for **October 25, 2011 at 3:00 p.m.,** prevailing Eastern Time, before this Court (the "Final Application Hearing") at the United States Bankruptcy Court, 299 East Broward Boulevard, Room 301, Fort Lauderdale, FL 33301.

7.  In the event the Application is not granted on a final basis, GJB shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Application Hearing.

8.  The requirements for emergency motions set forth in Local Rule 9075-1 are satisfied by the contents of the Motion or otherwise deemed waived.

9.  The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application. The Court finds that the entry of *nunc pro tunc* relief is warranted under the circumstances of this Chapter 11 case.

10.  Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a de novo standard at the Final Application Hearing. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

###

Submitted By:

Paul J. Battista, Esq.
Counsel to Debtor-in-Possession
Genovese Joblove & Battista, P.A.
Miami Tower
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

(Attorney Battista is directed to serve a conformed copy of this Order on all parties in interest)